FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 2:24-CR-00034-MKD-2 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| MARK ANTHONY COCHRAN, | **MOTION DENIED** <br> **(ECF No. 62)** |
| Defendant. | |

On April 23, 2024, the Court held a detention review hearing to consider Defendant MARK ANTHONY COCHRAN's Motion for Reconsideration of Order for Detention. **ECF No. 62**. Defendant appeared while in custody with court-appointed counsel Robert Seines. Assistant U.S. Attorney Lisa Cartier-Giroux represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

**I.    DETENTION REVIEW HEARING**

Defendant initially waived his right to a detention hearing. ECF No. 40. Defendant now seeks to reopen the question of detention and proffers a release plan wherein he would temporarily release from custody and attend inpatient substance abuse treatment. ECF No. 62. Specifically, Defendant seeks **a temporary furlough to Pioneer Center East (PCE), an inpatient substance abuse treatment facility** to avail himself of substance abuse treatment. The

ORDER - 1

1  United States and U.S. Probation both oppose Defendant's release plan.  The Court
2  finds that Defendant's Motion to Reopen Detention Hearing, ECF No. 62,
3  constitutes a sufficient basis to reopen the question of detention pursuant to 18
4  U.S.C. § 3142(f) and conduct a detention hearing.

5       The United States argued against Defendant's temporary release to inpatient
6  substance abuse treatment.  The United States argued there are no conditions that
7  justify reconsidering the issue of detention and there are no conditions that the
8  Court could impose that would reasonably assure Defendant's appearance as
9  required and/or safety of any other person and the community.  The Government
10 proffered five jail calls (made both before and after Defendant's arrest) and
11 asserted that in the calls:  Defendant discussed taking someone's car; Defendant
12 discussed plans—prior to his arrest—to leave town for Las Vegas with his co-
13 Defendant; Defendant speculated about whether certain individuals are informants
14 for the Government, including stating that he would make a suspected informant's
15 head his "fucking trophy" and stating he was looking for suspected informants;
16 Defendant discussed an incident where he and his co-Defendant robbed someone
17 of $4,300; Defendant viewed substance abuse treatment as a way to get out of jail;
18 Defendant made threatening statements about others while incarcerated, including
19 having others carry out threats on his behalf; and Defendant may have attempted to
20 prostitute women while incarcerated.  ECF No. 65, Ex. A; 66.  The Government
21 also proffered images that appear to depict Defendant in possession of a firearm
22 despite Defendant's status as a person prohibited from possessing firearms.  *Id*.
23 The Government further noted Defendant has failed to appear for court
24 proceedings 26 times and Defendant was previously on a Drug Offender
25 Sentencing Alternative (DOSA) sentence that was revoked after Defendant
26 violated the terms of his DOSA sentence.  ECF No. 35 at 1-7.  The United States
27
28

ORDER - 2

further noted United States Probation's recommendation against Defendant's release from custody. ECF No. 43 at 3.

The Court has reviewed and considered: the proffers and arguments of counsel; the Indictment, ECF No. 18; the Government's Motion for Detention, ECF No. 32; the Pretrial Services Report, ECF No. 35; the Post Pretrial Services Report, ECF No. 43; Defendant's Motion to Reopen Detention Hearing, ECF No. 62; the United States's Response to Motion to Reopen Detention Hearing, ECF No. 65; and the Government's Exhibits, ECF Nos. 65-1; 66.

## II.    APPLICATION OF THE BAIL REFORM ACT

### A.    The Bail Reform Act Generally.

The Bail Reform Act, 18 U.S.C. §§ 3141–3150, 3156, governs detention pending trial and provides that a defendant shall be released unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Absent a statutory presumption of detention, the burden of proof to support a motion for detention rests with the United States, which must establish a defendant's risk of nonappearance by a preponderance of the evidence and a defendant's dangerousness to the community or any other person by the higher standard of clear and convincing evidence. *Motamedi*, 767 F.2d at 1406–07. Here, the United States may seek Defendant's detention because this case involves a specified crime under the Controlled Substances Act. *See* ECF No. 18; 18 U.S.C. § 3142(f)(1)(C).

To guide the Court's determination as to whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the

ORDER - 3

community, the Court has considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

**B.**     **Rebuttable Presumption of Detention.**

The United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A), asserting this case involves an offense under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. *See* ECF No. 32 at 2-3. In a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if there is probable cause to believe that the person committed a qualifying offense. 18 U.S.C. § 3142(e)(3). The Court agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A). *See* ECF Nos. 18; 23.

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other

ORDER - 4

evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Here, Defendant proffered that he would attend inpatient substance abuse treatment and return to custody absent further order of the Court. The Court has analyzed and considered the 18 U.S.C. § 3142(g) factors as set forth below. After careful consideration, the Court finds Defendant's proffer is insufficient to overcome the presumption of detention. Additionally, even if the presumption of detention did not apply, the Court's analysis regarding the 18 U.S.C. § 3142(g) detention factors as set forth below compels the same result.

### C.    Nature and Circumstances of the Charged Offenses.

While the Bail Reform Act does not abrogate Defendant's presumption of innocence and the Court presumes Defendant's innocence, the nature and circumstances of the charged offenses are very serious. The allegations in the Indictment carry serious consequences, including up to 20 years in prison. ECF Nos. 18; 23. Based on the Court's review of the jail calls submitted by the United States, as well as Defendant's criminal history, it is clear Defendant is immersed in a criminal lifestyle that includes drug trafficking along with other criminal acts. Additionally, as noted above, the offense alleged in the Indictment also triggers a presumption of detention, which even if rebutted, would remain a factor the Court must consider. This factor weighs in favor of detention.

### D.    Weight of the Evidence.

The Court considers the weight of the evidence as the least important factor regarding detention. *See Motamedi*, 767 F.2d at 1407; *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). Based on the case file, the weight of the evidence against Defendant is necessarily sufficient for the Grand Jury to return an

ORDER - 5

Indictment. Based on the record before the Court, this factor weighs in favor of detention.

E. **Defendant's History and Characteristics.**

Defendant 42 years old and has resided in the Spokane area for his entire life. ECF No. 43 at 1. Defendant has four children, but has no relationship with his children and owes $49,000 in child support. *Id*. Defendant appears to have a limited employment history and a long history of substance abuse. *Id*. at 2.

Defendant's history and characteristics also include multiple law enforcement contacts and convictions beginning at age 15 and continuing to the present. ECF No. 35 at 2-7. Defendant's prior convictions are for malicious mischief (1998-juvenile offense); theft (1999-juvenile offense; 2000; 2016-two offenses); alcohol offenses (1999-juvenile offense); fourth degree assault-domestic violence (1999-juvenile offense); harassment-domestic violence (2002; 2004); various traffic offenses (2003; 2007; 2009; 2012; 2014); controlled substance violations (2004; 2009; 2017); resisting arrest (2007); harassment (2012-no domestic violence reference); destroy property to defraud (2014); obstruct law enforcement officer (2016); money laundering (2016); attempt to elude police vehicle (2017-DOSA resolution); and, second degree unlawful possession of a firearm (2018-while on DOSA). *Id*. Finally, Defendant has failed to appear a total of 26 times in regard to Defendant's arrests and criminal convictions. *Id*.

The Government also notes that the jail calls indicate Defendant is dismissive of substance abuse treatment; Defendant poses a threat to individuals Defendant believes may be cooperating with law enforcement; Defendant was engaged in a criminal lifestyle up until his arrest; and Defendant appears to have threatened violence against others while incarcerated. ECF Nos. 65; 65-1, 66. The

ORDER - 6

Court has reviewed the jail calls submitted by the Government and agrees with the Government's assessment.

This factor weighs strongly in favor of Defendant's detention. Defendant has ties to the community in Spokane, but Defendant has engaged in a criminal behavior his entire adult life in Spokane and routinely fails to appear when called to account for his activities. It appears to the Court that Defendant is not truly motivated to seek inpatient substance abuse treatment, but rather Defendant simply prefers substance abuse treatment to custody and views substance abuse treatment as a proxy for release.

F. **Nature and Seriousness of the Danger to the Community Posed by Defendant's Release.**

Finally, the Court must consider whether Defendant would pose an unacceptable risk to the safety of the community if released. The allegations in the Indictment are of significant concern and involve the alleged conspiracy to distribute both fentanyl and methamphetamine, particularly dangerous controlled substances. ECF No 18. Additionally, based on the jail calls, it appears Defendant was engaged in a criminal lifestyle up until his arrest and would likely re-engage in criminal activity related to controlled substances and other criminal activity if released. Additionally, the jail calls demonstrate Defendant poses a risk to other people Defendant, even mistakenly, believes are cooperating with the Government. On the record before the Court, this factor weighs in favor of Defendant's detention. Finally, Defendant also appears to have recently possessed firearms.

### III.  ORDER

The Court has reviewed and considered: the proffers and arguments of counsel; the Indictment, ECF No. 18; the Government's Motion for Detention, ECF No. 32; the Pretrial Services Report, ECF No. 35; the Post Pretrial Services Report, ECF No. 43; Defendant's Motion to Reopen Detention Hearing, ECF

ORDER - 7

No. 62; the United States's Response to Motion to Reopen Detention Hearing, ECF No. 65; and the Government's Exhibits, ECF Nos. 65-1; 66.  Pursuant to 18 U.S.C. § 3142, the Court has also considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).  The Court has also considered that a rebuttable presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(3)(A).

Based on all of the reasons set forth in this Order, the Court finds that Defendant has failed to overcome the presumption of detention in this case. Additionally, regardless of the presumption of detention, the Court also finds the Government has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings and the Court finds the Government has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant is released, even temporarily to attend inpatient substance abuse treatment.  In the Court's view, Defendant is not motivated to address any substance abuse issues he faces and instead Defendant views inpatient treatment as merely a vehicle for further release from custody.  Accordingly, temporary release to inpatient

ORDER - 8

substance abuse treatment would be a waste of resources that could be utilized by others who are motivated to address their substance abuse issues.

**IT IS ORDERED:**

1.    The Defendant's Motion to Reopen Detention, **ECF No. 62,** is **DENIED**.  Defendant shall be held in detention pending disposition of this case or until further order of the court.

2.    Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3.    Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4.    If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday**

ORDER - 9

**docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

5. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED May 10, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 10